**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                              Case No. 3:16-cr-34-J-34JRK

CARLA WILEY,

    Defendant.
_____/

## DEFENDANT CARLA WILEY'S SENTENCING MEMORANDUM

The Court should impose a sentence that requires no incarceration for Ms. Wiley. The 18 U.S.C. §3553(a) factors fully support a non-incarcerative sentence for her in light of all of her circumstances and those of her involvement in this case. Immediately after being confronted by investigating agents, Ms. Wiley obtained counsel and quickly began providing truthful cooperation in the Government's investigation.[1] Her cooperation was highly both early and significant, leading to the indictment of a then-sitting member of Congress and her chief of staff, and ultimately to the plea and cooperation of Mr. Simmons, her testimony and his testimony at trial and the conviction of Corrine Brown. She has fully accepted responsibility for her role in the offense and did so from the outset. She has done all that was asked of her during the investigation, and the Government has advised counsel of its intention to move for a departure in her guidelines calculation under USSG §5K1.1. Her role in the offense was less aggravated than the roles of Ms. Brown and Mr. Simmons as well. Accordingly, for all of these reasons and others addressed below and to be addressed at sentencing, Ms. Wiley's sentence should not

---

[1] At her first proffer, she provided the Government with a check for the remaining proceeds in the One Door for Education bank account that the bank had given her when it closed the account after the beginning of the investigation in this case.

require incarceration.

"The court shall impose a sentence sufficient, but not greater than necessary," to serve the statutory purposes of sentencing. 18 U.S.C. §3553(a). The court must *consider* the applicable and properly calculated guidelines range in determining a sentence but may impose a sentence outside of that range based on its mandatory consideration of all applicable §3553(a) factors, policy considerations, disagreements with the guidelines or a combination of these factors. *See, e.g., Rita v. United States*, 551 U.S. 338, 350 (2007); *Gall v. United States*, 552 U.S. 38, 46 (2007); *Kimbrough v. United States*, 552 U.S. 85, 101 (2007). Further while *appellate* courts may begin *review* of a sentence within the guidelines range with a presumption that such a sentence is reasonable, "the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply." *Rita*, 551 U.S. at 351. The guidelines are only one among the multiple factors to be considered in determining a sentence. 18 U.S.C. §3553(a)(1-(7).

Ms. Wiley had a lesser role in the offense and is less culpable than either Ms. Brown or Mr. Simmons. As a result, she should receive a two-level or three-level guidelines reduction for having a minor role under USSG §3B1.2. "[A] defendant who is accountable under §1B1.3 for a loss amount under §2B1.1 … that greatly exceeds the defendant's personal gain from a fraud offense … may receive an adjustment under this guideline." USSG §3B1.2, comment. n. 3(A). In particular, Ms. Wiley's creation of One Door for Education set the table for the total offense conduct and loss, but her personal gain was greatly exceeded by that of the others. The factual determinations further supporting this objection are those in USSG §3B1.2, comment. n.3(C)(ii), (iii), (iv) and (v) regarding her participation in planning or organizing of the activity; exercise of decision-making authority or influence over decision-making; the nature and extent of her participation; and the degree to which she stood to (or did) benefit. "The fact that a defendant performs an essential or indispensable role in the criminal activity

2

is not determinative. Such a defendant may receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in the criminal activity." USSG §3B1.2, comment. n. 3(C).

Ms. Wiley created One Door prior to her relationship with Mr. Simmons with the intention of it providing legitimate charitable benefits and honoring her mother. She had not done so correctly, however, and subsequently, after she began a personal relationship with Mr. Simmons, she ceded control of its funds and accounts to Mr. Simmons. Ms. Wiley did not solicit donors, her actual criminal conduct occurred early during the course of the conspiracy, and Mr. Simmons and Ms. Brown undertook control and direction of the criminal conduct that followed, exercised decision-making authority and took over the participation in and benefit from the funds. Ms. Wiley also was not trading on the office of then-Congresswoman Brown, as were the others, and her personal gain was far less than the loss amount caused by Ms. Brown and Mr. Simmons. Accordingly, she should receive a downward adjustment for having a minor role in the offense.

A sentence varying below the otherwise- applicable guidelines range is warranted by her history and characteristics; the need for the sentence to reflect the seriousness of the offense, promote respect for the law and provide just punishment; the need for the sentence to afford adequate deterrence; to protect the public from further crimes by her; the sentencing options available; and the need to avoid unwarranted disparities of sentences or other outcomes with similarly situated individuals, including uncharged coconspirators. Similarly, Ms. Wiley's sentence should be fashioned to avoid any unwarranted similarities with those imposed on Ms. Brown and Mr. Simmons, whose culpability is substantially greater than Ms. Wiley's. Finally, while the need for restitution exists, as noted in paragraphs 106-108, Ms. Wiley has no present ability to pay any meaningful amount of restitution. 18 U.S.C. §3553(a)(1)-(7). Counsel will elaborate on these and other pertinent matters at the time of sentencing.

Ms. Wiley's favorable and mitigating history and characteristics are set forth in the

presentence investigation report but are amplified and personalized by the letters of support attached to this memorandum. She has long been caring and active in her community, including in volunteer roles with the NAACP, YMCA, Urban League and other organizations serving the needs of the disadvantaged. Her contributions over the years to the Loudoun County, Virginia, chapter of the NAACP resulted in the organization recognizing her with its highest award, which is given to individuals exemplifying commitment to human rights, education and justice in the county. She has always been committed to her family, raising her son as a single mother and being the sole caretaker for her mother during her mother's final months before succumbing to pancreatic cancer earlier this year.

     A non-incarcerative sentence with conditions also would reflect the seriousness of the offense, promote respect for the law and provide just punishment. No federal felony is other than serious, of course, but her early, extensive and truthful cooperation – and its widespread public notice for a person never exposed to significant publicity – promotes respect for the law. The direct and collateral consequences of her conviction and any conditions imposed as part of the sentence will provide just punishment. Ms. Wiley has always been active in politics and in political campaigns for candidates she believed would best serve the community, particularly seniors, children and the disabled, and her conviction will cost her precious right to vote. She has been exposed to extensive publicity, to which she was never before remotely accustomed, both in the Northern Virginia-Washington, D.C., area where she has spent practically her whole life as well as even more broadly. A non-incarcerative sentence with conditions would constitute just punishment in light of all of the circumstances and her history, including her early and extensive cooperation.

     A sentence involving no incarceration for her also would provide adequate deterrence.

Ms. Wiley has no need of specific deterrence and poses no risk of recidivism. The consequences of her conviction and sentence, particularly in light of her cooperation and the blaring light of publicity on her, will provide general deterrence, particularly in light of the Court's determination of the sentences to impose on Ms. Brown and Mr. Simmons. Because of the lack of need for specific deterrence of Ms. Wiley in light of her lack of risk of recidivism, the public needs no protection from any further crimes by her.

Under the advisory sentencing guidelines, ample sentencing options are available for the Court to impose on Ms. Wiley, including probation with conditions such as community service and/or possibly a short period of home detention.

Also, a sentence requiring no incarceration would pose no risk of unwarranted sentencing disparities in this case and similar cases, especially in light of all of the facts and circumstances and Ms. Wiley's early and extensive cooperation. In light of these circumstances, her sentence should be substantially different, and lesser, than for Ms. Brown and Mr. Simmons in order to avoid unwarranted similarities with those at higher levels of culpability and responsibility.

The history and characteristics presented by Ms. Wiley and the need for the sentence imposed to serve the statutory purposes of sentencing support a sentence requiring no incarceration for her. Such a sentence would be sufficient, but not greater than necessary, to serve those purposes in light of all of the circumstances discussed above and to be presented at sentencing. Accordingly, the Court should impose a non-incarcerative sentence.

                                            Respectfully submitted,

                                            LAW OFFICE OF D. GRAY THOMAS

                                            */s/ D. Gray Thomas*
                                            **D. Gray Thomas, Esq.**

>Florida Bar No. 956041
>dgraythomas.law@gmail.com
>865 May Street
>Jacksonville, Florida 32204
>Telephone: (904) 634-0696
>
>-and-
>
>*/s/ Justin E. Fairfax*
>**Justin E. Fairfax, Esq.**
>*Pro hac vice*
>jefairfax@venable.com
>8010 Towers Crescent Drive Suite 300
>Tysons Corner, Virginia 22182
>Telephone: (703) 992-7307
>
>*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing motion was filed with the Clerk of Court on November 8, 2017 via CM/ECF and that a true and correct copy of the foregoing has furnished via that system:

A. Tysen Duva
E-mail: Tysen.Duva@usdoj.gov

Eric G. Olshan
E-mail: Eric.Olshan@usdoj.gov

Michael J. Coolican
E-mail: Michael.Coolican@usdoj.gov

>*/s/ D. Gray Thomas*
>Attorney

Judge Timothy Corrigan
United States District Court
Middle District of Florida

6 November, 2017
Character reference for Carla Wiley

Dear Judge Corrigan,

My name is Kenneth Love and I am a Supervisory Special Agent with the Federal Bureau of Investigation. I have known Carla Wiley for fourteen years and it is my pleasure to provide a character reference for Carla. I am personally familiar with her character and abilities as a result of our many years of interaction.

Carla is a person of good moral character. I realize that might seem hard to believe, given the circumstances, but it's true nonetheless. She is a cheerful and a very helpful person. She is a community support leader and constantly contributes her time and talents to the service of those in need and the community at large.

Carla has made mistakes, and she is incredibly remorseful. True to her character one of her first actions she took was to tell my wife and I of her situation, because she was concerned that her issues would reflect negatively on us and our careers. I know Carla well, and have found her to be industrious, extremely hardworking, family focused and other centered person.

Judge Corrigan thanks in advance for your time and consideration in this matter.

The information and recommendation I am providing in this letter are based upon my personal knowledge and should not be construed as the official views of the FBI.

Sincerely,

Kenneth Love



U.S. DEPARTMENT OF JUSTICE
FEDERAL BUREAU OF INVESTIGATION

**Kenneth Love**
Supervisory Special Agent
Transnational Organized Crime Program Office
Terrorist Screening Center

935 Pennsylvania Avenue, NW
Washington, DC 20535

Telephone: (571) 350-4609
Cell: (202) 527-4348
E-mail: Kenneth.Love@ic.fbi.gov

# THOMPSON ASSOCIATES
P.O. BOX 467
POINT OF ROCKS, MD 21777
FAX: 202-905-0047
CELL: 301-535-0488
OFFICE: 703-779-8783
philliptho@me.com

November 6, 2017

Judge Timothy Corrigan
United States District Court
Middle District of Florida
300 North Hogan Street
Jacksonville, Florida 32202

    Re:    Carla Anderson Wiley

Dear Judge Corrigan:

I am writing on behalf of Ms. Carla Anderson Wiley. I am the current President of the Loudoun County Virginia Branch of the NAACP. I am an attorney and a graduate of the Washington University School of Law. I have served as a Judge Advocate in the United States Marine Corps; a Counsel in the United States Navy Office of General Counsel, an Attorney-Advisor in the United States Department of the Interior, Office of the Solicitor and as a Counsel to several Native American Tribes and private companies.

I have known Carla for about six years and worked closely with her over the last three. First, I want to say that I have read some of the material and pleadings in the case and I know about Carla's guilty plea. However, I want to say unequivocally that people make mistakes and bad decisions; but, I do not believe that Carla did anything with specific intent to defraud or hurt anyone in particular. Bringing direct harm to individuals would be completely out of character for her based on what I have observed over the last three years.

Carla' activities and participation in her community have been unwavering even in the face of this painful chapter in her life, which was personified by the death of her mother several weeks ago. If you can imagine a person, with a public persona, caught up in this situation; then you can understand what Carla has had to go through the last year or so. Instead of withdrawing from public life, Carla continued to work on the issues that were important to her and her community, both inside and outside of the NAACP.

Carla chaired our Branch's Freedom Fund Committee which is our fundraising committee. We never at any point felt that her legal problems would in any way impede her efforts in helping the Branch reach a record fundraising year. She even continued to work on our most import event, our Freedom Fund Dinner in September, despite going through her mother's terminal sickness. Carla has also taken over the Branch's Political Action Committee and has helped spearhead important Get-Out-To-Vote and Candidate events in the lead up the November 7th

election in the State of Virginia. She has also been active in helping us improve our communications and liaison with other groups to work on important community related issues.

Carla's efforts have been indicative of her long-standing community activities both inside and outside the NAACP. In the past she has worked with the National Organization of Black Law Enforcement Executive in their Know-Your-Rights and community policing initiatives. She was also instrumental in developing and be a founding member of the Loudoun County Public School's Minority Student Achievement Advisory Committee which was a byproduct of the NAACP's efforts to work with Loudoun County Public Schools to improve academic and systemic performance of minority students in the school system.

Carla's efforts on behalf of herself, the community and the NAACP resulted in her being awarded the Loudoun County NAACP Branch's Marie Medley Award in 2015. This award which was named after one our Branch's founders and first President; and is awarded each year to the individual in the Branch that best exemplifies Mrs. Medley's commitment to the "struggle for human rights, education, and justice."

For myself, I cannot speak any more highly of another resident of Loudoun County. I have watched Carla go through two devastating events, this legal matter and the death of her mother, over the last year and expected her to withdraw from her efforts to help others. In the NAACP, we are all volunteers, so the time we put into it takes away from other important things in our lives. I truly understand the commitment to service and continuing through the loss of a family member, having lost my granddaughter earlier this year. I have nothing but admiration and appreciation for Carla and her efforts.

I hope this letter provides you with better insight into who Carla Anderson Wiley is outside the pleadings and testimony you have witnessed in your Court. I am not requesting any sentence or specific action about Carla's sentencing. I am giving you my impression and witness to who Carla is and hope that helps you better understand the person who will standing before you for sentencing in a few weeks, because those acts for which she has been involved in regarding this case are not the totality of Carla Anderson Wiley's character.

If I can provide this Honorable Court any other service on this or any other matter, please do not hesitate to contact me.

Sincerely:

Phillip E. Thompson, Esq.

Cc:     Carla Anderson Wiley
        Justin Fairfax, Esq.
        File

Date: October 30, 2017

Judge Timothy Corrigan
United States District Court
Middle District of Florida

My name is Harold Simmons and I am writing this letter in support of Carla Wiley. I am honored to call Carla my friend. I initially met Carla in December 2016 shortly after being elected Vice President of the Loudoun County NAACP. We were both attending a membership function of the chapter. As we got to know each other through various chapter meetings and community events, Carla shared with me some of what she had been going through over the past year. I was impressed that she took responsibility for her actions and didn't blame anyone else. She never tried to hide the issue from me, and seemed ready to face whatever was ahead.

Carla has been a tireless member of our chapter. The NAACP is a volunteer organization, and like many such organizations, there is a smaller core of the group that does the majority of the work. Carla always seems to be in the smaller core. She is always available to help with any event the chapter puts on. She has sat on the Communication, Freedom Fund, and Political Action committees. Carla has always been very active in the community and that has not changed. She has an extensive list of contacts in the education, political and business communities and continues to be well thought of and contacted for help by many of these people. It is because of her contributions to the community that she is a past recipient of our highest award, the Marie Medley Howard Award. Marie Medley Howard was the founder of our NAACP chapter and was very involved in human rights, education and justice in the county. This award recognizes a person who best exemplifies her commitment to the community.

Carla has a strong sense of family. I was very fortunate to meet her mother Amy and her son Michael, as well as other family members. She had a very strong relationship with Amy. As Amy was fighting pancreatic cancer, Carla was there with her all the way. As the only caretaker for Amy, Carla took her to doctor appointments, chemotherapy treatments as well as grocery shopping. She gently urged Amy when Amy didn't want to take her medicine or eat. She laughed and cried with Amy throughout her fight against cancer. When Amy lost the battle, she was devastated, but also very thankful that Amy didn't suffer for long.

Carla has now taken over the Amy role in her household. She is the head of the household that includes her mothers' 83 year old companion as well as her son. Carla does laundry, grocery shopping and keeps the household running as smoothly as possible. This includes cleaning and maintaining the house and all that goes along with that.

Carla knows and acknowledges that she made a mistake, but I am asking that the court show her leniency because she has been, up until and since then, a very active member of her community through the League of Women Voters, the NAACP, and many other community organizations. In fact, instead of hiding, she continues to do the work she enjoys-helping others and her community. We all have made mistakes in our lives and she certainly but I know she has learned from it.

Sincerely,

*Harold D. Simmons*

Harold Simmons
142 Clubhouse Drive, SW #203
Leesburg, VA 20175

*Grace Hill Staples*

November 5, 2017

The Honorable Judge Timothy Corrigan
United States District Court
Middle District of Florida

Reference: Ms. Carla Anderson Wiley

Dear Judge Corrigan,

I am writing this letter in behalf of my good friend, Ms. Carla Anderson Wiley.

Carla and I have known each other since 1994 when I relocated to this area from Rochester, NY, to work at the Xerox Document University (XDU) as Manager of Sales and Customer Administration Training and Development, for Xerox Worldwide Education and Learning. At that time Carla was an executive secretary in the United States Customer Operations Education and Learning Group on the same XDU campus in Leesburg, VA. Carla and I became friends through our association with the Xerox Black Employees Caucus and have remained close friends since then.

Carla is and has always been a woman of good character and tremendous integrity. Carla looks for ways to be of assistance where needed. Carla is a hard worker and has always, to a fault, put others in need ahead of herself. For most of the time that I have known Carla, as a single mom raising her son, Michael, she held two jobs to make sure he was not lacking things he needed. In addition she found time to serve on parent committees at his school as well as attend his sports competition and other school events. Once Michael graduated, Carla continued to work part-time occasionally to help her mother out financially.

In the Xerox Black Employees Caucus, Carla worked tirelessly on projects that included event planning and community outreach. I believe this became the catalyst for her extensive volunteer work with organizations in and around the Leesburg and Loudoun County area where she is a lifelong resident. Carla led and/or worked on campaigns for the election of officials whom she felt would best serve the citizens of her community, especially those who could not speak for themselves--- seniors, children and the disabled. Carla worked with the YMCA, NAACP, Urban League and other civic organizations whose mission was to help the disenfranchised. I think it important to note that she always worked in the background, never seeking the limelight for herself. On a one-on-one basis, I have seen Carla help people get jobs, secure grants or stipends for their children, and perform countless unheralded random acts of kindness. Last year I witnessed her join others collecting and packing boxes of clothes and food, and then driving several hours down to the Carolinas and back in a day, to deliver them to people who suffered losses in hurricanes and floods. Carla genuinely cares about people and looks out for others in need.

Although over the years I have personally counseled Carla to slow down on so much volunteer work and take more time for herself, I know she feels a call of service to others that many of us are not willing to answer. I cannot say enough about my friend, Carla Anderson Wiley, and all she has done to make others' lives a little better. She is a kind and honest woman, a loyal friend, and one of the most selfless people I know. I am proud and blessed to know her.

Thank you for your consideration, Your Honor.

Sincerely,

Gracie H. Staples
12192 Chancery Station Circle
Reston, VA 20190