UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                                                  CASE NO. 3:16-cr-34-J-32JRK

CARLA WILEY

**UNITED STATES' MOTION FOR
ENTRY OF ORDER OF FORFEITURE**

The United States moves this Court, pursuant to 18 U.S.C. § 981(a)(1)(C), 28 U.S.C. § 2461(c) and Fed. R. Crim. P. 32.2(b)(2), to enter an order of forfeiture in the amount of $654,292.39, representing the amount of proceeds the defendant obtained as a result of her participation in a conspiracy to commit wire fraud, to which she pled guilty.

The United States further asks that, in accordance with his Plea Agreement, the order of forfeiture become final as to the defendant at the time it is entered.  Doc. 8, p. 8.  In support thereof, the United States submits the following memorandum of law.

**MEMORANDUM OF LAW**

I.   **Statement of Facts**

1.   On March 4, 2016, a one count Information was filed charging the defendant with conspiracy to commit wire fraud, in violation of 18 U.S.C.

§ 1349 and 1343. Doc. 1. The Information contained forfeiture allegations, which put the defendant on notice that the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), would seek to forfeit any property, real or personal, which constituted or was derived from proceeds traceable to the offense. *Id.* at 6.

2. On March 4, 2016, the defendant pled guilty to Count One of the Information before United States Magistrate Judge Monte C. Richardson, who recommended that the defendant's plea be accepted. Docs. 8, 11. On March 28, 2016, United States District Judge Marcia Morales Howard accepted the defendant's plea and adjudicated her guilty. Doc. 15.

3. The defendant sentencing is set for November 15, 2017. Doc. 25.

4. In paragraph 12 of her Plea Agreement, the defendant agreed to forfeit all property subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). Doc. 8.

## II. Applicable Law

The Court's authority to order forfeiture of property for a conspiracy, in violation of 18 U.S.C. § 1349, to commit wire fraud, in violation of 18 U.S.C. § 1343, is found in 18 U.S.C. § 981(a)(1)(C), which provides for the civil forfeiture of any property, real or personal, which constitutes or is derived from proceeds traceable to any offense constituting "specified unlawful

2

activity" as defined in 18 U.S.C. § 1956(c)(7), or a conspiracy to commit such offense.  18 U.S.C. § 981(a)(1)(C).  The term "specified unlawful activity" includes offenses listed in 18 U.S.C. § 1956(c)(7).  That statutory definition includes wire fraud.  *See* 18 U.S.C. § 1956(c)(7)(A).

Although 18 U.S.C. § 981(a)(1)(C) is a civil forfeiture statute, 28 U.S.C. § 2461(c) authorizes the criminal forfeiture of any property that can be forfeited civilly using the procedures for the criminal forfeiture and disposition of property set forth in 21 U.S.C. § 853.  Section 853(a) provides that any person convicted of a pertinent offense "shall forfeit to the United States," among other things, "property constituting, or derived from, any proceeds the person obtained, directly or indirectly, as a result of such violation."

### III.  Factual Basis

On pages 19 through 33 of her Plea Agreement, the defendant admitted, among other things, that she conspired with others to fraudulently solicit and receive hundreds of thousands of dollars in contributions, donations, and payments to One Door (which the defendant incorporated and was listed as "initial registered agent" and a "director"), based on false pretense that the funds would be used for charitable and other purposes.  The defendant and co-

conspirators used the majority of the funds for personal and professional benefit. Many of the donations were deposited via wire communication.

## IV. Conclusion

WHEREFORE, the United States requests that this Court enter an Order of Forfeiture against the defendant in the amount of $654,292.39, which represents the amount of proceeds the defendant obtained as a result of the conspiracy to commit wire fraud, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), and Rule 32.2(b)(2), Federal Rules of Criminal Procedure.

The defendant should be held liable individually for the sum of $654,292.39; however, the United States will not collect more than the collective sum of $654,292.39 from the defendant's co-conspirators Corrine Brown and Elias Simmons.[1]

Further, since the actual proceeds are no longer available as indicated by the defendant's Pre-Sentence Investigation Report, the United States is entitled to forfeiture of substitute property, pursuant to 21 U.S.C. § 853(p), up to the value of the proceeds.

---

[1] The United States seeks an additional $10,000.00 collectively from co-conspirators Corrine Brown and Elias Simmons.

4

The United States further requests in accordance with her Plea Agreement the order of forfeiture become final as to the defendant at the time it is entered. Doc. 8, p. 8.

As required by Rule 32.2(b)(4)(B), the United States further requests that the Court include the forfeiture when orally announcing the sentence, and include the forfeiture order in the judgment. *See United States v. Kennedy*, 201 F.3d 1324, 1326 (11th Cir. 2000) and Fed. R. Crim. P. 32.2(b)(4)(A) and (B).

The United States further requests that the Court retain jurisdiction to address any third party claim that may be asserted in these proceedings, to enter any further order necessary for the forfeiture and disposition of such property, and to order any substitute asset forfeited to the United States up to the amount of the forfeiture money judgment.

Respectfully submitted,

W. STEPHEN MULDROW
Acting United States Attorney

By:   *s/ Bonnie A. Glober*
BONNIE A. GLOBER
Assistant United States Attorney
Florida Bar No. 0748307
300 North Hogan Street, Suite 700
Jacksonville, Florida 32202-4270
Telephone:  (904) 301-6300
Facsimile:   (904) 301-6310
E-mail:   bonnie.glober@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2017, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

    Justin E. Fairfax, Esquire

                By:    *s/ Bonnie A. Glober*
                            BONNIE A. GLOBER
                            Assistant United States Attorney